UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-6 ERIC JAMES ROBINSON,

    Defendant.
    _____/

Case No. 2:17-cr-20632-6

HONORABLE STEPHEN J. MURPHY, III

**OPINON AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [256]**

Defendant Eric James Robinson moved for release under the First Step Act's compassionate release provision, 18 U.S.C. § 3582(c)(1)(A)(i). ECF 256. Defendant first claimed that he exhausted his administrative remedies before filing the present motion. *Id.* at 3545–48. Defendant also claimed that his hypertension "greatly increase[s] the risk of experiencing severe illness or death [from] COVID-19." *Id.* at 3542. The Government opposed the motion for compassionate release. ECF 260. The Court will deny the motion for compassionate release for two reasons.

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's request for the Bureau of Prisons to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Plus, it is Defendant's burden to establish that he has exhausted all

1

his administrative remedies. *See United States v. Pena-Lora*, No. 15-20695, 2020 WL 3886384, at *1 (E.D. Mich. July 9, 2020) (citation omitted).

Here, Defendant has not exhausted his administrative remedies. Defendant has sought relief through the general administrative program—not the Bureau of Prison's Reduction in Sentence program. ECF 256, PgID 3546. But, even if Defendant exhausted his administrative remedies, the Court would still deny his motion for compassionate release.

To be eligible for compassionate release, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Section 1B1.13 of the Sentencing Guidelines provides some guidance about what constitutes "extraordinary and compelling reasons." U.S.S.G. § 1B1.13. The Guidelines classify those reasons in four categories: (1) Defendant's medical condition; (2) Defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" the first three categories. *Id.* at cmt. n.1(A)–(D).

Defendant claimed that his hypertension is an "extraordinary and compelling reason" for release. ECF 256, PgID 3542. The CDC lists hypertension as an illness that might increase the risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC, (Jan. 13, 2021), https://bit.ly/31WKhck [https://perma.cc/3JDN-6MSK]. But compassionate release is proper "only upon a finding of numerous and severe medical conditions that place [Defendant] at a significantly higher risk for severe illness from COVID-19." *United States v. Alzand*,

2

No. 18-cr-20703, 2020 WL 2781824, at *3 (E.D. Mich. May 29, 2020) (collecting cases). To that end, "[H]ypertension alone does not constitute an extraordinary or compelling reason for compassionate release." *United States v. Hicks*, No. 96-80335, 2020 WL 7714606, at *3 (E.D. Mich. Dec. 29, 2020); *see also United States v. Phillips*, No. 12-20372, 2020 WL 3071849, at *4 (E.D. Mich. June 10, 2020) (finding that hypertension, diabetes, and asthma were not "extraordinary and compelling reasons to reduce" a fifty-year-old defendant's sentence). In short, Defendant's hypertension alone does not warrant compassionate release. The Court will therefore deny Defendant's motion for compassionate release.

**WHEREFORE**, it is hereby **ORDERED** that the motion for compassionate release [256] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 21, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 21, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

3